IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:13-cv-207-JAB-JLW

NANCY LUND, LIESA MONTAG-SIEGEL )
and ROBERT VOELKER, )
                                )
            Plaintiffs,          )
                                )
v.                              )
                                )
ROWAN COUNTY, NORTH CAROLINA    )
                                )
            Defendant.          )

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE FOR A STATUS AND SCHEDULING CONFERENCE**

/s/ David C. Gibbs III
David C. Gibbs III *
D.C. Bar No.: 448476
Gibbs Law Firm, P.A.
President, National Center for
Life and Liberty
5666 Seminole Blvd., Suite 2
Seminole, Florida 33772
Ph: (727) 362-3700
Fax: (727) 398-3907
dgibbs@gibbsfirm.com

/s/ Kenneth Klukowski
Kenneth A. Klukowski*
Indiana Bar No. 28272-06
Liberty University School of Law
1971 University Blvd.
Lynchburg, Virginia 24502
Ph: (434) 592-5300
Fax: (434) 592-5400
kklukowski@liberty.edu

/s/ Bryce Neier
Bryce Neier - Local NC Counsel
2525 Raeford Road, Suite D
P.O. Box 87164
Fayetteville, NC 28304
Ph: (910) 423-5000
Fax: (910) 423-5506
bryceneier@aol.com

*By special appearance pursuant to Local Rule 83.1(d)*

*COUNSEL FOR DEFENDANT*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................iii

STATEMENT OF THE CASE .............................................................................1

STATEMENT OF THE FACTS ...........................................................................1

QUESTIONS PRESENTED .................................................................................2

ARGUMENT .........................................................................................................2

CONCLUSION .....................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Clinton v. Jones*, 520 U.S. 681 (1997)..................................................3, 5

*Hines v. GEO Grp.*, 544 F.Supp.2d 39 (D.D.C. 2008)..................................4

*Joyner v. Forsyth Cnty.*, 653 F.3d 341 (4th Cir. 2011)..............................2, 3

*Landis vs. N. Am. Co.*, 299 U.S. 248 (1936)..............................................4

*Leyva vs. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979)..............5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)..................4

*Nat'l Elec. Contractors Ass'n Inc. v. Howard P. Foley Co.*,
498 F. Supp. 552 (D.M.D. 1980)..............................................................4

*Oldham v. Korean Air Lines Co. Ltd.*, 127 F.3d 43 (D.C. Cir. 1997)....................4

*Shelly Rubin et. al. v. City of Lancaster*, 2:10CV04046 (D.E. 57)......................6

*Simpson v. John*, No. 5:12-CT-3015-BR, Slip Op. at 1
(E.D.N.C. Feb. 13, 2013).....................................................................4

*Town of Greece, N.Y. v. Galloway*, 681 F.3d 20 (2d Cir. 2011),
*cert granted*, 2013 WL 2149803 (U.S. May 20, 2013) (No. 12-696)..................passim

*U.S. v. Any and All Assets of Certain Bus. Known as Shane Co.*,
147 F.R.D. 99 (M.D.N.C. 1992) .............................................................4

*U.S. v. Georgia Pac. Corp.*, 562 F.2d 294, 296-97 (4th Cir. 1977)......................3

*Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124 (4th Cir. 1983)..............4

## STATUTES AND CONSTITUTIONAL PROVISIONS

42 U.S.C. § 1983...........................................................................1

U.S. Const., amend I and XIV..............................................................1

N. C. Const., art. I, §§ 13, 19............................................................1

## STATEMENT OF THE CASE

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments of the United States Constitution, and Article I, §§ 13 and 19 of the Constitution of North Carolina. Plaintiffs claim that Rowan County's practice of legislative prayer violates the Establishment Clause. Plaintiffs seek declaratory and injunctive relief and nominal damages.

## STATEMENT OF THE FACTS

Rowan County is a political subdivision of the State of North Carolina governed by a commission. The Commission is a duly elected and deliberative body. Dkt. 23, Def's. Br. In Supp. of Mot. to Dismiss, Ex's A-E. The Commission has no written or unwritten policy regarding Invocations. *Id.* at ¶ 7. However, the Commissioners have a long standing tradition of permitting each Commissioner, on a rotating basis, to either offer a prayer or have a moment of silence after an official meeting has been called to order. *Id.* at ¶¶ 5-6. Each Commissioner may choose to participate or not to participate in the rotation. Id. The content of any prayer is determined by the individual Commissioner. *Id.* at ¶ 8. The Invocation takes place after the meeting is called to order, though no citizen is required to participate in the Invocation. *Id.* at ¶¶ 4, 14, 16. All attendees have the right to remain seated, leave the room, or arrive after the Invocation has been given and participate only in the Pledge of Allegiance and the business portion of the meeting. *Id.*

Plaintiffs Nancy Lund, Liesa Montag-Siegel, and Robert Voelker are citizens and residents of Rowan County, North Carolina. Dkt. 1, Pl's Compl. ¶¶ 8, 10, 12. Plaintiffs

1

filed their Complaint seeing declaratory and injunctive relief and nominal damages against Defendant on March 12, 2013. Dkt. 1. Plaintiffs alleged in their suit that the Defendant's Invocation prayers violate their rights under the First and Fourteenth Amendments to the United States Constitution and Article I, ¶¶ 13 and 19 of the Constitution of the State of North Carolina. *Id.* at ¶ 4.

## QUESTIONS PRESENTED BY MOTION

The issue Defendant, Rowan County ("County"), now brings before the Court is whether this case should be held in abeyance by this Court pending the United States Supreme Court's decision in *Town of Greece, N.Y., v. Galloway*, 681 F.3d 20 (2d Cir. 2011), *cert granted*, 2013 WL 2149803 (U.S. May 20, 2013) (No. 12-696), and in the alternative the County moves to schedule a status and scheduling conference to include oral argument on the Petitioner's Motion for Preliminary Injunction pursuant to local rule 65.1(b).

## ARGUMENT

The Plaintiffs in the pending matter have asked this Court to impose a burden on the County that may well be unnecessary depending upon the United States Supreme Court's decision in *Galloway*. *Id.* The *Galloway* case directly implicates the law in the Fourth Circuit. Both the Second Circuit and the Fourth Circuit held in *Galloway* and *Joyner v. Forsyth Cnty.*, respectively that the challenged prayer practices violate the Establishment Clause because they were an endorsement of Christianity. *Id.*; 653 F.3d 341, 354–55 (4th Cir. 2011). The Supreme Court is squarely considering Petitioner Town

2

of Greece's argument that the endorsement test does not apply to legislative prayer. *Compare* Pet. Cert. at i, 2, 7, 10, 12-14, *Galloway*, 681 F.3d 20 (2d Cir. 2011), *cert granted*, 2013 WL 2149803 (U.S. May 20, 2013) (No. 12-696), *with Joyner v. Forsyth Cnty.*, 653 F.3d 341, 354–55 (4th Cir. 2011) (explaining that the problem with frequent sectarian invocations is that they suggest government endorsement to an observer.).

Thus, holding the instant case in abeyance for the few months the Supreme Court will require during its 2013-14 Term for its review in *Galloway* would clearly serve the interests of judicial economy.[1] It would also relieve the County of the burden and potential cost to taxpayers of fully litigating the merits of this case now, a task that may well need to be revisited depending upon the extent to which the Supreme Court's decision in *Galloway* will impact this case. By contrast, given the facts of this case and the issues which have already been fully briefed in Plaintiffs' Motion for Preliminary Injunction, and, nearly fully, in the briefs regarding Defendant's Motion to Dismiss,[2] holding this case in abeyance for the short time required to hear from the Supreme Court will have relatively little impact on the Plaintiffs. Dkt. 5; Dkt. 22.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Fourth Circuit courts have agreed with *Clinton*. *See, e.g., U.S. v. Georgia Pac. Corp.*, 562 F.2d 294, 296-297 (4th Cir. 1977) ("The determination by a district judge in granting or

---

[1] Counsel for the County is also involved with and will be briefing the issues in the *Galloway* case now before the U.S. Supreme Court.
[2] Def's. Reply to Pls.' Resp. to Def's Mot. to Dismiss is due on June 10.

denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (affirming that district courts possess "inherent power" to grant a stay for the "efficient management of their dockets."); *Hines v. GEO Grp.*, No. 5:08-CT-3056-D, slip op. at 2 (E.D.N.C. Dec. 23, 2008) ("The Court has broad discretion to stay proceedings."); *Simpson v. Johns*, No. 5:12-CT-3015-BR, slip op. at 1 (E.D.N.C. Feb. 13, 2013) ("A district court has the power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'") (quoting *Landis*, 299 U.S. at 254.

Courts have exercised this discretion to hold proceedings in a case before them in abeyance pending resolution of another case that may have a substantial impact on its outcome, including a United States Supreme Court case. *See, e.g., Oldham v. Korean Air Lines Co.*, 127 F. 3d 43, 49 (D.C. Cir. 1997) ("we ordered that the case be held in abeyance pending the decision of the Supreme Court" in another case); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983) (discussing a stay, pending arbitration, of litigation among non-arbitrating parties); *U.S. v. Any and All Assets of That Certain Bus. Known as Shane Co.*, 147 F.R.D. 99 (M.D.N.C. 1992) (granting motion to stay in civil proceedings pending the outcome of related criminal proceedings); *Nat'l Elec. Contractors Ass'n, Inc., v. Howard P. Foley Co.*, 498 F. Supp.

4

552 (D. Md. 1980) (granting motion to stay collection cases pending the outcome of related antitrust matters). Thus, the rule applicable here is that the "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863-64 (9th Cir. 1979).

There is no question regarding the likely impact of the Supreme Court's *Galloway* decision on this Court's decision in the instant case, or that waiting for the Supreme Court's decision before proceeding here would be more efficient for the Court and less burdensome on the County. Defendant acknowledges that the proper interpretation of the Establishment Clause as potentially applied to legislative prayers is an issue of great public import. That, however, is an additional reason to hold this case in abeyance pending the Supreme Court's analysis of the underlying issue in *Galloway*, which will be controlling here. As the Supreme Court explained, "[e]specially in cases of extraordinary public moment, [a plaintiff] may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707. While the concerns of the Plaintiffs are real, the concerns of the Defendant in potentially expending valuable time and taxpayer dollars litigating this matter only to potentially be required to revisit the issue in light of

5

whatever standards the Supreme Court sets in *Galloway,* is also of great public import, not only for the County's government, but especially for the County's taxpayers.

With regard to this issue of legislative prayer, the Ninth Circuit has already issued a stay in the similar case *Rubin v. City of Lancaster.* No. 11-56318 (9th Cir. May 22, 2013) (Order granting Stay) ("The parties are advised that the panel will defer action on Appellants' Petition for Rehearing and Rehearing En Banc until the Supreme Court issues its opinion in *Town of Greece v. Galloway*, No. 12-696.")

Therefore, judicial economy and the burdens on the parties point toward holding this case in abeyance until the Supreme Court determines the direction of standards to be used in evaluating the constitutional issues being raised here by the Plaintiffs. If this Court does not decide to hold this case in abeyance in light of the Supreme Court's impending review of these same issues in *Galloway*, Defendant would request a telephonic Status and Scheduling Conference.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to stay this litigation until after the Supreme Court's decision in *Galloway* should be granted or in the alternative, schedule a telephonic Status and Scheduling Conference.

6

Respectfully submitted this 30th day of May, 2013.

        GIBBS LAW FIRM, P.A.

        /s/ David C. Gibbs III
        David C. Gibbs III *
        D.C. Bar No.: 448476
        Gibbs Law Firm, P.A.
        President, National Center for Life
        and Liberty
        5666 Seminole Blvd., Suite 2
        Seminole, FL 33772
        Ph: (727) 362-3700 Fax: (727) 398-3907
        dgibbs@gibbsfirm.com

        /s/ Kenneth Klukowski
        Kenneth A. Klukowski *
        Indiana Bar No. 28272-06
        Liberty University School of Law
        1971 University Blvd.
        Lynchburg, Virginia 24502
        Ph: (434) 592-5300 Fax: (434) 592-5400
        kklukowski@liberty.edu
        * *Pursuant to Local Rule 83.1(d)*

        /s/ Bryce Neier
        Bryce Neier - Local NC Counsel
        2525 Raeford Road, Suite D
        P.O. Box 87164
        Fayetteville, NC 28304
        Ph: (910) 423-5000 Fax: (910) 423-5000
        bryceneier@aol.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013 I electronically filed the foregoing Defendant's Motion to Stay Proceedings or in the Alternative for a Status and Scheduling Conference, using the CM/ECF system which will send notifications of such filings to the following counsel:

Christopher A. Brook
Legal Director, ACLU of North Carolina
P.O. Box 28004
Raleigh, NC 27611
Ph: (919) 834-3466
Fax: (866) 511-1344
cbrook@acluofnc.org

Daniel Mach
ACLU
915 15th Street, NW, 6th Floor
Washington, D.C. 20005
Ph: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

Heather L. Weaver
ACLU
915 15th Street, NW, 6th Floor
Washington, D.C. 20005
Ph: (202) 675-2330
Fax: (202) 546-0738
hweaver@aclu.org

Dated: May 30, 2013

GIBBS LAW FIRM, P.A.

/s/ David C. Gibbs III
David C. Gibbs III *
D.C. Bar No.: 448476
Gibbs Law Firm, P.A.
President, National Center for
Life and Liberty
5666 Seminole Blvd., Suite 2
Seminole, FL 33772
Ph: (727) 362-3700
Fax: (727) 398-3907
dgibbs@gibbsfirm.com

* *Pursuant to Local Rule 83.1(d)*

8